**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HELEN ASFAW,
Petitioner,

v.

No. 97-2372

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-382-821)

Submitted: February 27, 1998

Decided: March 27, 1998

Before ERVIN and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William H. Rhodes, Arlington, Virginia, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Civil Division, David M.
McConnell, Assistant Director, Laura A. Smith, Trial Attorney,
Office of Immigration Litigation, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Helen Asfaw petitions for review of an order of the Board of Immigration Appeals ("the Board") denying her application for asylum and withholding of deportation but granting voluntary departure. Because substantial evidence supports the Board's decision, we affirm.

Asfaw, a native and citizen of Ethiopia, entered the United States as a non-immigrant visitor in 1992. She overstayed her visa and conceded her deportability. Following a hearing, an Immigration Judge denied Asfaw's petition for asylum and withholding of deportation but granted her application for voluntary departure, with an alternative order of deportation to Ethiopia. The Board reviewed Asfaw's claims and dismissed her appeal. Asfaw timely petitions this court for review of the Board's order.

In her petition, Asfaw states that she has suffered past persecution in Ethiopia and that she has a genuine, well-founded fear that if she returns to Ethiopia her life will be in danger because she opposes the current government. Asfaw maintains that after she finished high school in Ethiopia, she participated in a university demonstration sponsored by students and faculty who were members of the Ethiopian People's Revolutionary Party (EPRP), an organization that favored Ethiopian unity and opposed the party then in power, the Ethiopian People's Revolutionary Democratic Front (EPRDF). Although Asfaw was not a member of this organization, she was arrested at the rally by EPRDF soldiers. Asfaw maintains that the soldiers took her to the "Kebele," held her for a month and questioned her regarding EPRP leadership. When she denied membership in the EPRP, the soldiers slapped and kicked her, and hit her with the butt of a gun. Asfaw testified that approximately twenty days after her release, soldiers came to her house looking for her. In fear, she resided with her aunt for the next six months. Asfaw further claims

2

that she was unable to secure admission to Addis Abeba University because she could not get the necessary clearance from the Kebele. Soon thereafter, she entered the United States. Asfaw stated that she has also attended demonstrations in the United States showing her opposition to the current regime in Ethiopia. Since she has been in the United States, her family in Ethiopia has informed her that the Kebele has been searching for her, but Asfaw admits that the Kebele has not come to her house since 1992.

Asfaw also testified as to the persecution of other members in her family. Her father was beaten and shot, and ultimately died in prison. Her brother, a member of the EPRP, was also twice imprisoned by the EPRDF. One of Asfaw's aunts now lives in the United States after having been granted asylum.

An alien qualifies for asylum if she is unable or unwilling to return to the country of her nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1997). To demonstrate a "well-founded fear of persecution," an individual must show that a reasonable person under these circumstances would fear persecution and that the fear has some basis "in the reality of the circumstances" validated with "specific concrete facts." Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). Petitioner must also show that her fear of persecution stems from one of five categories of persecution listed in the Act. See id. at 999-1000.

We must uphold the board's decision if it is supported by substantial evidence from the record as a whole. See Huaman-Cornelio, 979 F.2d at 999. We reverse the Board only if the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias , 502 U.S. 478, 483-84 (1992). We also note that to qualify for withholding of deportation, an alien must prove a probability of persecution, a more stringent standard than a well-founded fear of persecution. See Huaman-Cornelio, 979 F.2d at 1000.

We conclude that substantial evidence supports the Board's finding that Asfaw failed to establish either past persecution or a well-

3

founded fear of future persecution. The Board found Asfaw's "un-documented testimony . . . simply insufficiently consistent, detailed, and credible to meet her burden of proof." There were several inconsistencies between her written application and her testimony. She did not mention in her application the harm she sustained when she was taken by the EPRDF soldiers and held for a month, but she rendered a detailed account of the harms suffered by other family members. Furthermore, on one of the submitted forms, Asfaw indicated that she was employed as a secretary in Ethiopia for approximately two years; however, she testified to the contrary. This factor and Asfaw's testimony that her family wanted her to come to the United States for better educational and employment opportunities suggest that Asfaw's motives for leaving Ethiopia may not have been completely related to her fear of persecution in the country.

Several other discrepancies appeared during Asfaw's testimony. Asfaw failed to provide relevant testimony regarding, inter alia, her brother's arrests and his participation in the EPRP. There were also several inconsistent statements with respect to the exact nature of her involvement with the EPRP. Lastly, we note that even if we agree that Asfaw's personal account of the treatment she received by EPRDF soldiers constituted persecution, it was not severe enough to support a grant of asylum.

Because Asfaw fails to meet the burden of proof for asylum, she necessarily fails to meet the higher standard for withholding of deportation under 8 U.S.C.A. § 1253(h) (West Supp. 1997). See Huaman-Cornelio, 979 F.2d at 1000. We therefore affirm the Board's ruling denying Asfaw asylum and withholding of deportation but granting voluntary departure. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED